UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 17 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 12-40018 |
| Plaintiff, | |
| vs. | REPORT and RECOMMENDATION |
| TAJAHN KAHLIL CLINTON, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Motion to Suppress (Doc. 41). A hearing was held on Thursday, October 4, 2012. Defendant was personally present and represented by his counsel of record, Federal Public Defender Mr. Tim Langley. The Government was represented by Assistant United States Attorney Mr. Jeff Clapper. Three witnesses testified during the evidentiary hearing: Sioux Falls Police Detective Thomas Schmitz and Department of Homeland Security Agents Charla Aramayo and Craig Scherer. Additionally, both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. Based on a careful consideration of all of the evidence, and counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be **DENIED**.

## JURISDICTION

Defendant is charged in a Second Superseding Indictment with Sex Trafficking of a Child and aiding and abetting, counseling commanding, inducing, procuring, and willfully causing the same in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and 1591(c) and 18 U.S.C. §§ 2(a) and 2(b); Sex Trafficking By Force, Fraud or Coercion and aiding and abetting, counseling, commanding, inducing, procuring and willfully causing the same in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1) and 18 U.S.C. §§ 2(a) and 2(b); Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2422; and Obstruction of Sex Trafficking Enforcement in violation of 18

U.S.C. § 1591(d). The pending Motion to Suppress was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL BACKGROUND

Three witnesses testified at the evidentiary hearing. Their testimony is summarized below:

### Sioux Falls Police Detective Thomas Schmitz:

Detective Schmitz was involved in the investigation of Mr. Clinton. Clinton was arrested on February 8, 2012 at 8:15 a.m. Schmitz was advised Clinton was being brought to the police station for an interview. Items of property that were with Clinton upon his arrest were a hotel room card and a cell phone. Schmitz arrived at the Law Enforcement Center and saw Clinton in the interview room. The interview began at 8:23 a.m. While Schmitz was setting up the recording equipment to begin Clinton's interview, he saw Clinton remove a piece of paper, tear it up and begin to ingest it. Schmitz instructed the deputies to intervene and retrieve the paper.

Approximately one half hour after Clinton was arrested, Schmitz opened the cell phone and looked at the photographs that were on the phone. There were several photos of a young white female in provocative poses. The photos were consistent with sex trafficking. Other information was also on the phone. Schmitz communicated with the case agent and began preparing a search warrant for the Econolodge hotel room. He turned the cell phone over to Agent Scherer who was conducting the investigation. Schmitz prepared an Affidavit and obtained a search warrant from Judge Srskta at 10:57 a.m. He did not request further search of the cell phone.

### Homeland Security Agent Craig Scherer:

Craig Scherer is a Special Agent with the Department of Homeland Security. He was involved in the investigation of Mr. Clinton. Scherer went to the Law Enforcement Center when he was notified Clinton had been arrested. Detective Schmitz told Scherer he had observed photos of a young female on the phone which was in Clinton's possession upon arrest. Scherer does not know whether the contents of a phone can be changed or altered by connecting to a tower, but it is his common practice to keep cell phones turned off. Scherer interviewed Mr. Clinton, and then

2

used a Cellebrite machine to download the information and images from the cell phone at 11:21 a.m. He downloaded the information to preserve the evidence and to analyze it in a more efficient way.

Scherer and Agent Aramayo also interviewed Tiffany Frazier. Ms. Frazier was found in the hotel room which was connected to the room card found on Clinton. Frazier was in the room when the search warrant was executed. Frazier told Scherer that Clinton took her cell phone from her the night before when he left the hotel room. Frazier provided a cell phone number for her cell phone that was one digit off from the phone number of cell phone which was seized from Clinton upon his arrest.[1]

**Department of Homeland Security Agent Charla Aramayo**

Ms. Aramayo is the lead case agent. Aramayo was involved in the interview of Tiffany Frazier. Ms. Frazier was in the hotel room which was searched after police were led there by the room card found in Clinton's pocket. Frazier was not under arrest when she was interviewed at the police station, but she was driven to the station and she knew she was being interviewed about sex trafficking. Ms. Frazier indicated she and Clinton had been in the hotel together the night before, and that Clinton took her phone and had not returned it.

Aramayo knew a cell phone had been taken from Clinton the morning of his arrest. "TJ" is one of the contacts in the phone seized from Clinton. Aramayo's investigation revealed that "TJ" is a name frequently used to refer to Clinton. Aramayo's investigation revealed that the phone number linked to "TJ" in the seized phone in fact belongs to Clinton. The phone number for "TJ" is different from the number for the cell phone taken from Clinton upon his arrest, i.e., the subject of this motion to suppress. Aramayo served a subpoena on Verizon to obtain subscriber records for the seized cell phone. The subscriber for the seized cell phone is Dana Huel, who is Ms. Frazier's mother.

---

[1]The phone number for the cell phone seized from Clinton upon his arrest was part of the information which was downloaded and later printed out using the Cellebrite machine. Tiffany Frazier told the agents the number for her cell phone was (915) 866-XXXX. The number of the cell phone found on Mr. Clinton was (915) 886-XXXX.

3

## DISCUSSION

Defendant moves to suppress "the contents of the cell phone seized[2] ...... at his arrest on February 8, 2012, including without limitation the cell phone number and all images, text, and other numbers; and . . . all direct and indirect fruits of the illegal searches of the cell phone, including without limitation all cell phone records obtained based on knowledge of the cell phone number or other content."

**Burden of Proof**

As a general rule, the burden of proof is on the defendant who seeks to suppress evidence, *United States v. Phillips*, 540 F.2d 319 (8th Cir.1976), but on the government to justify a warrantless search or seizure. *United States v. Bruton,* 647 F.2d 818 (8th Cir.1981). The standard of proof is a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

1. **Clinton's Expectation of Privacy in the Cell Phone**

Clinton asserts the law enforcement officers violated his Fourth Amendment right to be free from unreasonable search when they viewed the contents of the seized cell phone without a warrant. "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995). Fourth Amendment rights are personal rights which cannot be vicariously asserted. *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373. Clinton bears the burden, therefore, of proving his own Fourth Amendment rights were violated. *United States v. Salvucci*, 448 U.S. 83, 86, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

Clinton, however, offered no testimony or evidence regarding his expectation of privacy in the seized cell phone. The only evidence presented regarding the seized cell phone was from the Government. That evidence was:

---

[2]Clinton does not allege the seizure of the cell phone was improper. *See* Defendant's Legal Memorandum, Doc. 42, p. 1.

4

- The seized cell phone was found in Clinton's possession;
- Tiffany Frazier told Agents Aramayo and Scherer that Clinton took her cell phone (915) 866-XXXX) the night before and had not returned it;
- The seized cell phone (915) 886-XXXX was not subscribed to Clinton;
- The seized cell phone was subscribed to Tiffany Frazier's mother;
- The seized cell phone listed Clinton ("TJ") as a contact, with his own phone number.

Clinton's mere possession of the cell phone, without more, is insufficient to establish a Fourth Amendment right to privacy in its contents. *Salvucci, id.*, 448 U.S. at 91-92. In *United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007) the Fifth Circuit held that the defendant had a privacy interest in a cell phone which was subscribed to his employer but which was issued to him and which his employer allowed him to use. The Court reasoned that "although [the defendant's] employer issued the phone, [the defendant] maintained a property interest in the phone, had a right to exclude others from using the phone, exhibited a subjective expectation of privacy in the phone, and took normal precautions to maintain his privacy in the phone." *Id.*

The Courts hold that persons who merely possess a cell phone subscribed to a third person, however, do not have a Fourth Amendment privacy interest sufficient to challenge a warrantless search. *See United States v. Skinner*, 2007 WL 1556596 (E.D. Tenn.) (Defendant lacked standing to challenge use of cell phone information because the cell phone in question was subscribed to a third person); *United States v. Davis*, 2011 WL 2036463 (D. Or.) (sex trafficking case; "defendant's mere use of the telephone number is insufficient to create a legitimate privacy interest in the cell phone records. Defendant was not the registered owner or subscriber of the phone, and he was not registered as a permissible user. Defendant has presented no evidence that he had the permission of the subscriber . . ."); *United States v. Suarez-Blanca*, 2008 WL 4200156 at * 7 (N.D. Ga.) (Defendant failed to demonstrate an expectation of privacy in cell phone found on his person, but to which he was not the subscriber "society is not prepared to recognize a privacy interest for individuals who hold cell phones that are not linked to the subscribers of those cell phones."). *See also, Christensen v. County of Boone, Illinois*, 483 F.3d 454, 461 (7th Cir. 2007) ("[Defendant] had no legitimate expectation of privacy in a cell phone belonging to someone else."). The only record

5

evidence indicates the cell phone seized from Clinton upon his arrest belonged to a third party. Clinton presented no evidence that he possessed or used the cell phone with permission of the third party. Because Fourth Amendment rights are personal and cannot be asserted vicariously, therefore, Clinton failed to carry his burden "of proving he had a legitimate expectation of privacy that was violated by the challenged search." *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995).

### 2. The Warrantless Search of the Cell Phone

Because Clinton has failed to carry his burden of proving a legitimate expectation of privacy in the cell phone, it is not necessary to decide whether the officers violated the Fourth Amendment when they searched it without a warrant. The parties acknowledge there is little authority from the Courts of Appeal, save *United States v. Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007) which upheld a warrantless search of a cell phone incident to arrest.

The weight of authority from the District Courts, however, holds cell phones may be searched incident to arrest without a warrant. *See United States v. Gomez*, 807 F.Supp.2d 1134 (S.D. Fla. 2011); *United States v. Rodriguez-Gomez*, 2010 WL 5524891 (N.D. Ga. 2010); *United States v. Curry*, 2008 WL 219966 (D. Maine 2008); *United States v. Stringer*, 2011 WL 3847026 (W.D. Mo. 2011); *United States v. Wurie*, 612 F.Supp.2d 104 (D. Mass. 2009) (listing cases); *United States v. Rodriguez*, 2011 WL 3924958 (S.D. Tex. 2011) (finding warrantless cell phone searches incident to arrest valid). *But see, United States v. Park*, 2007 WL 1521573 (N.D. Cal. 2007); *United States v. Davis* 787 F. Supp. 2d 1165 (D. Oregon 2011); *United States v. McGhee*, 2009 WL 2424104 (D. Neb. 2009) (finding warrantless cell phone searches incident to arrest invalid). Because Clinton failed to prove a legitimate privacy interest in the cell phone which was seized from him upon his arrest, whether the warrantless search of a cell phone incident to arrest violates the Fourth Amendment is a question for another day in this District.

## CONCLUSION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Defendant's Motion to Suppress (Doc. 41) be DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 17 day of October, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)

7