UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-40018-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS COUNT |
| TAJAHN KAHLIL CLINTON, | ) | NINE OF HIS INDICTMENT |
| | ) | |
| Defendant. | ) | |

Defendant, Tajahn Kahlil Clinton, moves to dismiss Count Nine of his ten-count indictment, which charges him with obstructing, attempting to obstruct, or interfering with the enforcement of 18 U.S.C. § 1591 *et seq.*, in violation of 18 U.S.C. § 1591(d). Docket 45. The government resists the motion. For the following reasons, Clinton's motion is denied.

**BACKGROUND**

Count Nine of the indictment alleges that "Beginning on or about March 1, 2012, and continuing through on or about March 30, 2012, all dates being approximate and inclusive, in the District of South Dakota and elsewhere, Defendant Tajahn Kahlil Clinton did obstruct, attempt to obstruct, and did interfere with and prevent the enforcement of 18 U.S.C. § 1591 et seq., in violation of 18 U.S.C. § 1591(d)." Docket 36. Section 1591 is titled "Sex trafficking of children or by force, fraud, or coercion." 18 U.S.C. § 1951. Its subsection (d) reads as follows: "Whoever obstructs, attempts to obstruct, or in

any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 20 years, or both." 18 U.S.C. § 1591(d).

Because this motion was filed prior to any determination of innocence or guilt, many of the facts surrounding the basis for Count Nine are still allegations and have not been proven. Further, the government argues that many of the facts supporting Count Nine are pertinent to an ongoing investigation and, thus, cannot be discussed in detail at this time. With this in mind, the government alleges that Clinton violated § 1591(d) when he made post-arrest statements in the course of recorded jail house telephone communications. Docket 47 at 1. During those telephone communications, Clinton allegedly "related to others that he had learned through information made available to him through discovery in his case that the overarching [sex-trafficking] investigation was focused on" a certain individual and that they should inform the individual that he was being targeted by the investigation. *Id.* Clinton has not stipulated to these facts.

Clinton originally moved the court to dismiss Count Nine for two reasons. First, he argued, and continues to do so, that § 1591(d) "is void for vagueness in violation of the Fifth Amendment[.]" Docket 46 at 2. Second, he argued that "the indictment is defective in violation of the Sixth Amendment." *Id.* Alternatively, Clinton moved for a bill of particulars under Federal Rule of

Criminal Procedure 7(f). *Id.* Clinton has since withdrawn his argument that the indictment is defective and his request for a bill of particulars.[1] Docket 47 at 1-2. Thus, what remains is Clinton's motion to dismiss based on vagueness grounds.

## DISCUSSION

Clinton argues that § 1591(d) is unconstitutionally vague, either on its face or as applied to him, in violation of the Fifth Amendment.[2] Docket 46 at 3. "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" is void for vagueness. *United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002) (internal citations omitted). "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *Id.* (internal citations omitted). "There is a two-part test to determine whether a statute is void for vagueness. The statute, first, must provide adequate notice of the proscribed conduct, and second, not lend itself to arbitrary enforcement."

---

[1] Defendant withdrew these arguments after discussions with the government in which the government disclosed additional facts that form the basis for Count Nine. Docket 47 at 1.

[2] The question whether § 1591(d) is unconstitutionally vague is a matter of first impression as neither the parties nor the court were able to identify any authority directly on point.

*United States v. Bamberg*, 478 F.3d 934, 937 (8th Cir. 2007) (internal citations omitted).

The first issue is whether § 1591(d) involves First Amendment freedoms because "it is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). Here, Clinton argues that § 1591(d) involves speech "that might by protected under the First Amendment." Docket 46 at 3. The statute is expressly directed at conduct that obstructs or interferes with the enforcement of the sex-trafficking statutes. If the conduct that obstructs or interferes with such enforcement is "speech," then it is speech that is an integral part of conduct in violation of a valid criminal statute and, thus, deserves no First Amendment protections. *See Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949), *cited with approval in United States v. Stevens*, 130 S. Ct. 1577, 1584 (2010). Therefore, Clinton has not persuaded this court that § 1591(d) involves protected First Amendment freedoms.

Because Clinton has not successfully argued that § 1591(d) involves First Amendment freedoms, the second issue the court considers is "whether [the] statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the

vagueness of the law as applied to the conduct of others." *United States v. Yielding*, 657 F.3d 688, 715 (8th Cir. 2011) (citation omitted).

Clinton raises his vagueness challenge in his pretrial motion to dismiss based on the indictment alone. The indictment does not include enough facts to determine whether § 1591(d) is vague as applied to the particular facts in this case. The government proffers additional facts in their brief resisting Clinton's motion for dismissal, but the fact-intensive analysis that is required to determine the vagueness issue should be based on the facts as they emerge at trial, stipulated facts, or, at the very least, facts contained in the indictment. The facts that the government proffers in its brief have not been proven at trial nor have they been stipulated to by Clinton. As a result, the court cannot conduct a proper examination of the application of § 1591(d) to Clinton's case with the facts that are before it. *See United States v. Reed*, 114 F.3d 1067, 1069-71 (10th Cir. 1997) ("We hold that it was error to consider the [void for vagueness] challenge at the preliminary stage of the proceedings[.]"); *United States v. Keys*, 390 F. Supp. 2d 875, 885 (D.N.D. 2005) ("Heeding the Supreme Court's admonition that a vagueness challenge to a statute may only be examined in light of the facts of the case at hand, this Court cannot conduct a proper examination of the application of § 922(g)(3) to the defendant's case on the basis of the indictment alone.").

## CONCLUSION

The court cannot conduct a proper examination of the application of § 1591(d) to defendant's case on the basis of the indictment alone. Defendant may renew his vagueness argument at a later stage of the proceeding after the evidence pertinent to defendant's vagueness arguments has been further adduced. Accordingly, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 45) is denied.

Dated October 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE